**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MICHIGAN**

CLARICE R. SAMMONS

      PLAINTIFF,

  *v.*

ALTERNATIVES FOR GIRLS

      DEFENDANT.

Civil No.

**PLAINTIFF'S ORIGINAL
COMPLAINT AND JURY DEMAND**

Plaintiff, Clarice R. Sammons, by and through her undersigned counsel, files this Complaint for retaliation and unlawful termination of employment in violation of 29 U.S.C. 621 and Mich. Comp. Laws § 37.2202(1)(a) against Defendant, Alternatives for Girls, and alleges as follows:

PARTIES

1.    Plaintiff Clarice R. Sammons is a citizen and resident of the United States currently residing in Wayne County, MI.

2.    Defendant Alternatives for Girls is based in Michigan and may be served with process by serving its registered agent, Tonya C. Adair at 903 W. Grand Blvd., Detroit, MI 48208.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C.§ 1343(a)(4).

4. This suit is authorized and instituted pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. 621 ("ADEA") and the Elliott-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2202(1)(a) ("ELCRA").

5. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission on December 19, 2024. Plaintiff received her Notice of Rights to Sue on March 9, 2026. Hence, Plaintiff has exhausted her administrative remedies and timely brings this action.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action occurred within this district.

## FACTUAL BACKGROUND

7. Plaintiff was hired by Defendant in April 2024.

8. At the time of her hiring, Plaintiff informed her supervisor, Racheal Cook Candice ("Candice") of her degree and her return to the workforce after a long period of time.

9. Candice promised Plaintiff that she would receive training to assist

2

her in transitioning back to work.

10.    Despite this promise, Candice failed to provide Plaintiff with any training.

11.    In May 2024, Bonita Thomas, co-worker, shared with Plaintiff a comment she received from Esmeralda (last name unknown), another co-worker.

12.    Esmeralda had remarked "now are we going to have to do what the old people say."

13.    On July 3, 2024, an intern, Angela (last name unknown), made derogatory comments about Plaintiff's age, including statements that she was "too old" for her job and that "some people may have problems receiving services from an older employee".

14.    Candice took no action to address or prevent these comments from continuing.

15.    Candice repeatedly responded to Plaintiff's complaints of harassment and age discrimination by stating, "maybe this will not be the place for you.

16.    On July 16, 2024, Plaintiff submitted a detailed complaint to HR regarding age-based discrimination.

17.    Despite Plaintiff's complaint, no corrective action was taken by

Defendant.

18.     On August 26, 2024, Defendant terminated Plaintiff's employment.

COUNT I
RETALIATION IN VIOLATION OF ADEA
29 U.S.C. § 623(d)

19.     Plaintiff re-alleges and incorporates by reference paragraphs 1 to 18 of this Complaint as though fully set forth herein.

20.     Plaintiff is an individual over the age of 40 and, at all relevant times, was an employee within the meaning of 29 U.S.C. § 630(f).

21.     Defendant is an employer within the meaning of 29 U.S.C. § 630(b), and employed Plaintiff during the relevant time period.

22.     Plaintiff engaged in a protected activity under 29 U.S.C. § 623(d) by filing a detailed complaint with Human Resources on July 16, 2024, alleging age discrimination.

23.     Plaintiff's complaint described specific instances of discrimination based on her age, including derogatory comments made by coworkers and interns creating a hostile work environment.

24.     Following her engagement in this protected activity, Plaintiff faced an increased scrutiny and negative comments about her performance from her supervisors and colleagues.

25.     On August 26, 2024, Plaintiff was terminated from her employment

with Defendant, which constitutes an adverse employment action under 29 U.S.C. § 623(d).

26. The timing of Plaintiff's termination, occurring shortly after she engaged in protected activity, supports an inference of retaliatory motive.

27. Defendant's actions were intentional and directly linked to Plaintiff's protected activity, demonstrating a clear pattern of retaliation.

28. Defendant's conduct constitutes a violation of 29 U.S.C. § 623(d), entitling Plaintiff to all remedies available under the ADEA, including reinstatement, back pay, and compensatory damages.

COUNT II
RETALIATION IN VIOLATION OF ELCRA
M.C.L. § 37.2701 et seq.

29. Plaintiff re-alleges and incorporates by reference paragraphs 1 to 18 of this Complaint as though fully set forth herein.

30. Plaintiff is an individual protected under the ELCRA, M.C.L. § 37.2701 et seq.

31. Plaintiff engaged in protected activity under the ELCRA when she submitted a detailed complaint to Human Resources on July 16, 2024, alleging age discrimination.

32. The complaint included specific instances of discrimination based on Plaintiff's age, as well as a hostile work environment created by derogatory

5

comments made by coworkers and intern.

33.    Following her engagement in this protected activity, Plaintiff faced adverse employment actions.

34.    Plaintiff faced increased scrutiny of her work performance by her supervisors and colleagues.

35.    On August 26, 2024, Plaintiff was terminated from her employment with Defendant, which constitutes an adverse employment action under the ELCRA.

36.    The timing of Plaintiff's termination, occurring shortly after she engaged in protected activity, supports an inference of retaliatory motive on the part of Defendant.

37.    Defendant's actions were intentional and directly related to Plaintiff's protected activity, demonstrating a clear pattern of retaliation against her for exercising her rights under the ELCRA.

38.    Defendant's conduct constitutes a violation of M.C.L. § 37.2701 et seq., entitling Plaintiff to relief, including reinstatement, back pay, and other remedies available under the ELCRA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a trial by jury on all issues trial by a jury and respectfully requests the following relief:

1.  Compensatory damages for lost wages, economic benefits of employment to Plaintiff in the amount to be determined by the trier of fact;

2.  Compensation for emotional distress and humiliation;

3.  Punitive damages to punish Defendant for its discriminatory actions;

4.  Cost of litigation in this action and her reasonable attorney's fees;

5.  Any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all counts so triable.

Respectfully submitted this 5th day of June 2026.

**GREGORY, MOORE, BROOKS & CLARK, & HELTON P.C**

By:/s/_____
Matthew J. Clark, Esq.
Michigan Bar No. P76690
Grand Park Centre
28 W. Adams, Suite 300
Detroit, MI 48226
T: 313.964.5600
F: 313.964.2125
Matt@unionlaw.net